# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VERNA LEWIS,<br>            Appellant, | DOCKET NUMBER<br>NY-0752-13-0408-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>            Agency. | DATE: March 2, 2023 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kavin L. Edwards</u>, Esquire, New York, New York, for the appellant.

<u>Donald Spector</u>, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office[3] for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      On August 6, 2013, the appellant filed an appeal challenging a denial of restoration and an alleged involuntary retirement, and she raised allegations of disability discrimination. Initial Appeal File (IAF), Tab 1 at 2. Attached to her appeal, she submitted a copy of a February 14, 2013 decision removing her from her position, effective March 23, 2013, for inability to perform the essential functions of her position. *Id.* at 44-45. She also attached a copy of a July 3, 2013 final agency decision (FAD) concerning her equal employment opportunity (EEO) complaint in which she alleged that the agency's removal action constituted disability discrimination. *Id.* at 13-39.

¶3      The administrative judge issued a jurisdictional order informing the appellant of her burden of establishing jurisdiction over her alleged involuntary disability retirement. IAF, Tab 7. After allowing the parties an opportunity to respond and holding a status conference, the administrative judge issued an order finding that, because the agency had not processed the appellant's separation as a retirement, the appeal was not an involuntary disability retirement appeal but rather a timely mixed-case appeal of the appellant's removal for inability to perform the essential functions of her position. IAF, Tab 15.

¶4      The case was subsequently reassigned to another administrative judge who, after holding the requested hearing, issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 67, Initial Decision (ID). The administrative judge characterized the appellant's appeal as an involuntary

---

[3] On March 23, 2016, this appeal was reassigned from the New York Field Office to the Northeastern Regional Office. IAF, Tab 43.

disability retirement appeal and found that such a claim "fails" because "[i]n this case, we do not have the requisite retirement." ID at 4-5. The administrative judge also addressed the appellant's claims of improper restoration, constructive suspension, and disability discrimination. Regarding the appellant's alleged improper restoration, he found that the appellant failed to establish Board jurisdiction because it was undisputed that she had been restored to a part-time position on or about April 4, 2005. ID at 2-3. The administrative judge found that the appellant's constructive suspension claim failed because there was no evidence that the agency was unwilling to allow her to work in accordance with a modified work assignment she accepted on August 5, 2005. ID at 3-4. Finally, the administrative judge found that the Board lacks jurisdiction over the appellant's allegations of disability discrimination prior to December 15, 2005, because such claims had been resolved via a settlement agreement the appellant had entered into with the agency on December 15, 2005. ID at 5.

¶5        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        The Board has held that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980); 5 C.F.R. § 1201.111(b). If any of these items is missing or substantially incomplete, the Board will remand the appeal to the administrative judge for modification. *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 14 (2012). Based on our review of the record, we find that the initial decision fails to meet this standard.

¶7        The record reflects that, at the beginning of the hearing, the administrative judge identified for the record the issues in this appeal as whether the agency

properly separated the appellant effective March 23, 2013, by a letter of decision dated February 14, 2013, and if not, was the agency's failure because of the appellant's disability in violation of the Rehabilitation Act, 29 U.S.C. § 701. IAF, Tab 64, Hearing Compact Disc (HCD) at 9:11 (statement of the administrative judge).  This is consistent with the administrative judge's order and summary of prehearing conference.  IAF, Tab 58.  However, the administrative judge did not address the merits of the appellant's removal in the initial decision.  Instead, he found that the Board lacks jurisdiction over the appeal as an involuntary disability retirement appeal because the appellant had not retired.  ID at 5.  The initial decision fails to acknowledge the prior Board order finding jurisdiction over the appellant's appeal as a mixed-case removal appeal, IAF, Tab 15, or provide any indication that the order had been overruled or modified.  Accordingly, on remand, the administrative judge shall adjudicate the merits of the appellant's removal for inability to perform the essential functions of her position.[4]  The administrative judge shall also adjudicate the appellant's affirmative defense of disability discrimination.

¶8      Regarding the appellant's improper restoration and constructive suspension claims, prior to holding a hearing, the record was not developed as to the nature of these claims or whether the appellant had raised nonfrivolous allegations of Board jurisdiction entitling her to a hearing.  Further, despite holding a hearing, the initial decision fails to explain the factual background surrounding these claims, including the relevant time periods for which the appellant contends she

---

[4] A Postal Service employee has a right to appeal an adverse action to the Board if she (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed 1-year of current continuous service in the same or similar position. 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012).  Although the order finding jurisdiction did not address this issue, the record appears to reflect that, at the time of her removal, the appellant had been employed as a Supervisor, Customer Service, since 1986. IAF, Tab 1 at 1, 19, 47-49, Tab 48 at 12, HCD (testimony of the appellant).

was constructively suspended and denied restoration. Also unclear in the initial decision is whether the administrative judge's finding that such claims "fail" refers to jurisdictional determinations versus the merits of such claims. ID at 3-4.

¶9    On review, the appellant appears to argue that following a recurrence of her compensable injury on June 8, 2006, she was constructively suspended after the agency failed to accommodate her by providing ergonomic equipment or reassigning her. PFR File, Tab 1 at 6-13. She contends that during this time she was required to use sick and annual leave against her will and placed on leave without pay. *Id.* at 6, 12. She also appears to contend that she was effectively denied restoration because the agency failed to provide her with requested ergonomic equipment when it restored her on or about April 4, 2005. *Id.* at 6. However, because the record was not developed, on remand, the administrative judge should clarify the nature of the appellant's restoration and constructive suspension claims, including the relevant time periods.[5] The administrative judge shall also consider the appellant's allegations of disability discrimination in connection with her alleged constructive suspension and denial of restoration.[6]

---

[5] Although the exact nature of the appellant's claims is somewhat unclear, in some contexts, when the facts could give rise to both a constructive suspension claim and a restoration claim, the Board has found that the constructive suspension claim should be subsumed into the restoration claim. *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶¶ 19-22 (2010). In a similar vein, when facts give rise to both an enforced leave and restoration claim, the enforced leave claim is subsumed into the restoration claim. *Jenkins v. U.S. Postal Service*, 2023 MSPB 8, ¶ 12.

[6] The administrative judge found that the Board lacks jurisdiction to consider the appellant's claims of discrimination prior to December 15, 2005, based on a settlement agreement she entered into on that date, resolving an October 13, 2005 informal EEO complaint. ID at 5. The appellant's informal EEO complaint, however, does not appear to be related to her discrimination claims at issue in this appeal. IAF, Tab 12 at 51-56. According to the agency, this complaint concerned "working conditions," and not the appellant's request for ergonomic equipment or reasonable accommodation. *Id.* at 10. According to the appellant, the earlier discrimination claims concerned the disrespectful manner in which an agency representative spoke with her and the agency's failure to pay her on September 5, 2005. PFR File, Tab 1 at 14.

*See, e.g.*, *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 21 (outlining the manner in which to adjudicate a claim of discrimination in a restoration appeal); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 14-15 (2013) (explaining that various fact patterns may give rise to an appealable constructive suspension, including a situation in which an appellant claims that he was compelled to take leave because the agency improperly failed to accommodate his medical condition); *Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001) (stating that a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which he was restored).

¶10       Finally, in assessing the appellant's restoration appeal, the administrative judge applied the nonfrivolous jurisdictional standard set forth in the Board's revised regulation, 5 C.F.R. § 1201.57(a)(4), (b), which is applicable to restoration appeals filed on or after March 30, 2015.  ID at 2-3; *see Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016).  However, because the appellant filed her Board appeal on August 6, 2013, prior to the effective date of the Board's revised regulation, she was required to make nonfrivolous allegations of jurisdiction to obtain a jurisdictional hearing at which she was required to prove jurisdiction by preponderant evidence.  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102-04 (Fed. Cir. 2011).  Accordingly, on remand, the administrative judge shall assess the appellant's restoration claim under the preponderant evidence standard.

# ORDER

¶11     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                         /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.