**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 8**

Docket No. DC-0752-11-0867-B-1

**Rosemary Jenkins,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

February 27, 2023

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

LaDonna L. Griffith-Lesesne, Esquire, Landover, Maryland, for the
agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the remand initial decision, which affirmed the agency's August 9, 2011 enforced leave action.  For the reasons set forth below, we DENY the appellant's petition for review and the agency's cross petition for review, VACATE both the remand initial decision and the Board's August 5, 2014 Remand Order in MSPB Docket No. DC-0752-11-0867-I-2, and DISMISS the appeal.  We FORWARD the matter to the Board's Washington Regional Office for docketing as a new appeal under 5 C.F.R. § 353.304(c).

BACKGROUND

¶2    Prior to her retirement, the appellant, a preference eligible, was a City Carrier at the L.C. Page Station in Norfolk, Virginia. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-1, Initial Appeal File (IAF), Tab 11 at 9.  On September 13, 2004, she sustained a compensable work-related injury to her right foot.  IAF, Tab 6, Subtab 4g at 3.  She underwent surgery in June 2005, and returned to duty with restrictions.  *Id.*  On September 10, 2009, the appellant again injured her right foot and subsequently entered a leave status. *Id.*  She filed a claim with the Office of Workers' Compensation Programs (OWCP) for recurrence of her 2004 injury, but OWCP denied her claim, and the OWCP Branch of Hearing and Review affirmed that decision on November 29, 2010. *Id.* at 4-8.

¶3    On April 30, 2011, the appellant attempted to report for work but was informed that there was no work available within her medical restrictions.  She then filed a Board appeal, under the name Rosemary Brocks, arguing that the agency had constructively suspended her effective April 30, 2011. *Brocks v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0628-I-1, Tab 1.  The administrative judge assigned to that case dismissed the appeal for lack of jurisdiction, and the full Board affirmed that decision on petition for review. *Brocks v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0628-I-1, Final Order (Aug. 22, 2012).

¶4    Meanwhile, on June 21, 2011, the appellant provided the agency with a CA-17 Duty Status Report, indicating that she was released to resume work, but with medical restrictions limiting her to sedentary work only.  IAF, Tab 6, Subtab 4f.  The agency conducted a search for light-duty work in Norfolk, but without success.  Hearing Transcript at 53 (testimony of proposing official), 80-82 (testimony of deciding official); *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-B-1, Remand File (RF), Tab 10 at 11-12.  On July 8, 2011, the agency issued the appellant a Notice of Proposed Placement on

Enforced Leave, explaining that no work was available within her medical restrictions. IAF, Tab 6, Subtab 4e. The appellant, who previously had been in a leave without pay (LWOP) status, was placed on administrative leave for the duration of the response period. *Id.*, Subtab 4d. The appellant's attorney requested documentation concerning the proposed action and an extension of the deadline for responding to the notice, but the agency denied his requests, stating that the appellant's union was her exclusive representative absent a waiver in writing. IAF, Tab 1 at 6-8. On August 3, 2011, the deciding official issued a decision affirming the appellant's placement on enforced leave. IAF, Tab 6, Subtab 4c. The appellant was returned to LWOP status on August 9, 2011. *Id.* at 1.

¶5 Also on August 9, 2011, the appellant filed the instant Board appeal, arguing that the agency constructively suspended her, discriminated against her on the basis of her disability, and deprived her of her statutory rights by not properly affording her the opportunity to respond to the notice of proposed placement on enforced leave. IAF, Tab 1 at 1-2. On September 19, 2011, while the appeal was still pending in the regional office, OWCP issued a reconsideration decision[1] vacating its November 29, 2010 decision and finding, based on the appellant's newly submitted medical evidence, that her September 10, 2009 injury was a recurrence of her 2004 injury and therefore compensable. IAF, Tab 10 at 4-6. On October 3, 2012, the appellant separated from the Federal service on disability retirement. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2, Appeal File (I-2 AF), Tab 13 at 23. Her appeal was later dismissed without prejudice so that the parties could pursue a possible settlement, and the appeal was subsequently refiled. IAF, Tab 31; I-2 AF, Tab 1. On February 19, 2013, following a hearing, the administrative

---

[1] The OWCP decision was addressed to Rosemary A. Brocks of Norfolk, Virginia. IAF, Tab 10 at 4.

judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant had failed to establish that she was constructively suspended. I-2 AF, Tab 15, Initial Decision. The appellant filed a petition for review. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2, Petition for Review File, Tab 1.

¶6 While the appellant's petition for review of that decision was pending, the Board issued its decision in *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014), clarifying that placement on enforced leave for more than 14 days constitutes an ordinary adverse action within the Board's jurisdiction and that an appeal of such an action should not be adjudicated as a constructive suspension claim. *Id.*, ¶¶ 9-10. By order dated August 5, 2014, the Board remanded the appeal for adjudication on the merits, finding that it had jurisdiction over the appellant's placement in an enforced leave status. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2, Remand Order, ¶¶ 1, 3, 7 (Aug. 5, 2014). The Board also found that the appellant had not been denied due process and that her procedural objections to the enforced leave action should be adjudicated under a harmful error standard. *Id.*, ¶¶ 5-6. The Board further directed the administrative judge to consider "the possible effect" of OWCP's reconsideration decision. *Id.*, ¶ 7.

¶7 On remand, the administrative judge issued a new initial decision sustaining the August 9, 2011 enforced leave action.[2] RF, Tab 28, Remand Initial Decision (RID). The administrative judge first found that the agency had properly brought an indefinite suspension action with a determinable condition subsequent, i.e., the provision of medical documentation supporting the appellant's return to duty. RID at 6. He further found that the agency proved its charge that the appellant was physically unable to perform the duties of her position and that the charge

---

[2] On remand, the appellant waived her right to a hearing. RF, Tab 21 at 3.

had a self-evident nexus to the efficiency of the service. RID at 6-7. As to the reasonableness of the penalty, the administrative judge found that assigning the appellant work within her medical restrictions was not a reasonable alternative to the suspension, because no such work was available. RID at 7-11. In so finding, the administrative judge noted that during the period following OWCP's September 19, 2011 reconsideration decision, the agency apparently had not complied with its self-imposed rules concerning reassigning employees with compensable injuries. RID at 10-11. Specifically, the agency had restricted its search to vacant, funded positions, whereas it was obliged under section 546 of the Employee and Labor Relations Manual to search for available duties regardless of whether those duties comprised the essential functions of an established position. RID at 9-10. However, the administrative judge found "no reason to conclude that a proper search would likely have uncovered available duties within the appellant's medical restrictions." RID at 10-11.

¶8      The administrative judge further found that the appellant failed to prove her disability discrimination claim based on a failure to accommodate, because there was no evidence of a reasonable accommodation that would have allowed her to perform the essential functions of her Letter Carrier position or any other vacant, funded position within the agency. RID at 11. As to the appellant's procedural objections, the administrative judge found that the agency erred in not permitting the appellant's attorney to act as her representative in response to the proposal of enforced leave, but that this error was neither harmful nor in violation of her due process rights. RID at 12-14. In addition, he found that the agency had not improperly withheld materials on which it relied in proposing her placement on enforced leave. RID at 14-15.

¶9      The administrative judge also observed that, in light of OWCP's reconsideration decision, the appellant might be able to establish jurisdiction over a claim that she was improperly denied restoration as a partially recovered employee under 5 C.F.R. § 353.301. RID at 15-16. However, he found that the

case was distinguishable from *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶¶ 19-22 (2010), in which the Board held that a constructive suspension claim brought by a partially recovered employee was subsumed in his restoration claim. RID at 16-18. The administrative judge noted that the parties had not had an opportunity to develop the record under a restoration theory, but advised the appellant that she was not precluded from filing a separate restoration appeal. RID at 17.

¶10     On petition for review, the appellant contests the administrative judge's findings on the charge and harmful error defense, and contends that the agency should be sanctioned for failing to preserve documents concerning its accommodation efforts. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 6-23. She further argues that the administrative judge erred in declining to rule on her claim that the agency denied her restoration rights as a partially recovered employee. *Id.* at 23-24. On cross petition for review, the agency contends that the administrative judge erred in finding that the appellant was entitled to be represented by an attorney prior to the Board proceedings. RPFR File, Tab 7 at 8-10. The appellant has responded to the agency's cross petition for review. RPFR File, Tab 9.

## ANALYSIS

¶11     Pursuant to congressional authority, the Office of Personnel Management (OPM) has promulgated a comprehensive scheme that identifies the rights and remedies for individuals who partially or fully recover from compensable injuries. *Kinglee*, 114 M.S.P.R. 473, ¶ 22; 5 C.F.R. part 353; *see* 5 U.S.C. § 8151. As relevant here, 5 C.F.R. § 353.301(d) provides that an agency "must make every effort to restore in the local commuting area, according to the circumstances of each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." OPM's

regulations further provide that a partially recovered employee may appeal to the Board for a determination of whether the agency has acted arbitrarily and capriciously in denying restoration.[3] 5 C.F.R. § 353.304(c)**.**

¶12      When an agency fails to assign work to a partially recovered employee and requires her absence from duty, the employee may not contest the agency's action as a suspension, because her rights and remedies are subsumed in the restoration process. *Bohannon v. U.S. Postal Service*, 115 M.S.P.R. 629, ¶ 11 (2011); *Kinglee*, 114 M.S.P.R. 473, ¶¶ 16-22. As we explained in *Kinglee*, 114 M.S.P.R. 473, ¶ 22, this holding is consistent with the principle of excluding other avenues of relief where a comprehensive scheme exists regarding the rights and remedies at issue. Although the appellants in *Kinglee* and *Bohannon* attempted to raise constructive suspension claims, we find this principle applies equally to cases such as this one, in which the agency's denial of restoration is couched as an enforced leave action.

¶13      The Board also has held that when, as in this case, OWCP reverses a previous ruling that an employee's injury was not compensable, restoration rights are conferred retroactively. *See Welber v. U.S. Postal Service*, 62 M.S.P.R. 98, 103-04 (1994) (reopening a restoration appeal when the Board's decision in the agency's favor was predicated on OWCP's denying the appellant's claim for

---

[3] To establish jurisdiction under 5 C.F.R. § 353.304(c), an appellant must, inter alia, make a nonfrivolous allegation that the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20. Although an agency may undertake restoration efforts beyond the minimum effort required by OPM under 5 C.F.R. § 353.301(d), an agency's failure to comply with its self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d), such that a resulting denial of restoration would be rendered "arbitrary and capricious" for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 20. Moreover, an appellant's claim of prohibited discrimination or reprisal for protected activity is immaterial to the question of whether a denial of restoration was arbitrary and capricious for purposes of section 353.304(c). *Id.*, ¶ 21.

compensation, and OWCP subsequently reversed its earlier decision, thus entitling him to restoration rights during the period at issue). We therefore conclude that, upon the appellant's partial recovery from her September 10, 2009 injury, she acquired restoration rights under 5 C.F.R. § 353.301(d). From that point forward, her rights and remedies concerning her attempted return to duty were subsumed under the restoration process. *See Bohannon*, 115 M.S.P.R. 629, ¶ 11; *Kinglee*, 114 M.S.P.R. 473, ¶¶ 16-22. Hence, if the appellant believes that, subsequent to September 10, 2009, the agency arbitrarily and capriciously denied her restoration as a partially recovered employee, her exclusive avenue of remedy is an appeal under 5 C.F.R. § 353.304(c). *See* 5 U.S.C. § 8151.

¶14    Because this time frame encompasses the period during which the appellant was in enforced leave status, we DISMISS her chapter 75 appeal. Given this disposition, we do not reach the parties' remaining arguments on review. While the appellant has expressed her wish to pursue a restoration claim, the parties have not had an opportunity to fully develop the record on that issue. Accordingly, rather than adjudicate a restoration claim at this time, we FORWARD the matter to the Board's regional office for docketing as a new appeal under 5 C.F.R. § 353.304(c).[4]

---

[4] In the unique circumstances of this case, we deem the appeal to be timely filed. To the extent we may have suggested in the decision in *Brocks v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0628-I-1, Final Order (Aug. 22, 2012), that the appellant cannot establish jurisdiction over a restoration claim, any such statement is without preclusive effect, as we did not rely on it in dismissing the constructive suspension claim at issue in that appeal. *See Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016) (observing that collateral estoppel applies when, inter alia, the issue decided in a prior action was necessary to the resulting judgment), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

ORDER

¶15        This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.