**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2025 MSPB 6**

Docket No. DC-0752-11-0867-M-1

**Rosemary Jenkins,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

December 1, 2025

Neil Curtis Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Ladonna L. Griffith-Lesesne, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**OPINION AND ORDER**

¶1      This case is before the Board on a voluntary remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). For the reasons set forth below, we VACATE in its entirety our February 27, 2023 decision in *Jenkins v. U.S. Postal Service*, 2023 MSPB 8. We REMAND the case to the regional office for further development of the record and a new finding on the merits, taking into account the retroactive effect of the September 11, 2011 reconsideration decision by the Office of Workers' Compensation Programs (OWCP). This Opinion and Order clarifies that placement on enforced leave for more than 14 days is appealable as an adverse action under 5 U.S.C. § 7512(2), even if the enforced leave was due to a compensable injury.

## BACKGROUND

¶2    The appellant was a preference-eligible City Carrier at the L.C. Page Station in Norfolk, Virginia. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-1, Initial Appeal File (IAF), Tab 11 at 9. On September 13, 2004, she sustained a compensable work-related injury to her right foot. IAF, Tab 7, Subtab 4g at 3. She underwent surgery in June 2005 and returned to duty with restrictions. *Id.*

¶3    On September 10, 2009, the appellant again injured her right foot and subsequently entered a leave status. *Id.* She filed a claim with OWCP for recurrence of her injury, but her claim was denied, and OWCP's Branch of Hearing and Review affirmed the denial on November 29, 2010. *Id.* at 4-8.

¶4    On April 30, 2011, the appellant attempted to report for work but was informed that there was no work available within her medical restrictions. She then filed a Board appeal, under the name Rosemary Brocks, arguing that the agency had constructively suspended her effective April 30, 2011. *Brocks v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0628-I-1, Initial Appeal File, Tab 1. The administrative judge assigned to the case dismissed the appeal for lack of jurisdiction, and the full Board affirmed that decision on petition for review. *Brocks v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0628-I-1, Final Order (Aug. 22, 2012).

¶5    Meanwhile, on June 21, 2011, the appellant provided the agency with a CA-17 Duty Status Report, indicating that she was released to resume work, but with medical restrictions limiting her to sedentary work only. IAF, Tab 6, Subtab 4f. The agency conducted a search for light duty work in Norfolk, but the search was unsuccessful, and the agency did not search elsewhere in the commuting area. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2, Appeal File (I-2 AF), Hearing Transcript at 53 (testimony of the proposing official), 80-82 (testimony of the deciding official); *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-B-1, Remand File (RF),

Tab 10 at 11-12. On July 8, 2011, the agency issued the appellant a Notice of Proposed Placement on Enforced Leave, explaining that no work was available within her medical restrictions.[1] IAF, Tab 6, Subtab 4e. The appellant, who previously had been in a leave without pay (LWOP) status, was placed on administrative leave for the duration of the response period. *Id.*, Subtab 4d. The appellant's attorney requested documentation concerning the proposed action and an extension of the deadline for responding to the notice, but the agency denied his requests, stating that the appellant's union was her exclusive representative absent a waiver in writing. IAF, Tab 1 at 6-8. On August 3, 2011, the deciding official issued a decision affirming the appellant's placement on enforced leave. IAF, Tab 6, Subtab 4c. The appellant was returned to LWOP status on August 9, 2011. *Id.* at 1.

¶6    That same day, the appellant filed the instant Board appeal, arguing that the agency constructively suspended her, discriminated against her by failing to accommodate her disability, and denied her statutory and due process rights by

---

[1] The proposal notice did not name a charge, but included the following narrative:

> Following an extended absence, you stated you wanted to return to work and provided documentation that indicated you were unable to perform the essential functions of your position as a City Carrier but were able to sit up for up to 8 hours a day. Specifically, your most recent Form CA-17 (Duty Status Report) dated June 17, 2011, reveals you are able to sit up for 8 hours a day, you can simply grasp and fine manipulate for up to 8 hours a days [sic]; however, you are unable to lift and carry, stand, walk, climb, kneel, bend or stoop, twist, push or pull, reach or work above the shoulder, drive a vehicle, or operate machinery. Your request to return to duty was not approved because no work is available to meet the restrictions established by your physician.
>
> . . . .
>
> You will remain in enforced leave status until you submit documentation to the satisfaction of management indicating that you are able to perform the essential functions of your assigned position. Inability to return to work may result in your removal from Postal employment.

IAF, Tab 6 at 49.

not properly affording her the opportunity to respond to the notice of proposed placement on enforced leave. IAF, Tab 1 at 1-2. On September 19, 2011, while the appeal was still pending in the regional office, OWCP issued a reconsideration decision vacating its November 29, 2010 decision and finding, based on the appellant's newly submitted medical evidence, that her September 10, 2009 injury was a recurrence of her 2004 injury and therefore compensable. IAF, Tab 10 at 4-6. On October 3, 2012, the appellant separated from the Federal service on disability retirement. I-2 AF, Tab 13 at 23.

¶7 The appellant's Board appeal was dismissed without prejudice so that the parties could pursue a possible settlement, and the appeal was subsequently refiled. IAF, Tab 31; I-2 AF, Tab 1. On February 19, 2013, following a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant had failed to establish that she was constructively suspended. I-2 AF, Tab 15, Initial Decision. The appellant filed a petition for review. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2, Petition for Review File, Tab 1.

¶8 While that petition for review was pending, the Board issued its decision in *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 9-10 (2014), clarifying that placement on enforced leave for more than 14 days constitutes an ordinary adverse action within the Board's jurisdiction and that an appeal of such an action should not be adjudicated as a constructive suspension claim. By order dated August 4, 2014, the Board remanded the appeal for adjudication on the merits, finding that it had jurisdiction over the appellant's placement in an enforced leave status. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2, Remand Order, ¶¶ 1, 3, 7 (Aug. 5, 2014). The Board also found that the appellant had not been denied due process and that her procedural objections to the enforced leave action should be adjudicated under a harmful error standard. *Id.*, ¶¶ 5-6. The Board further directed the administrative judge to consider "the possible effect" of OWCP's reconsideration decision. *Id.*, ¶ 7.

¶9     On May 31, 2016, the administrative judge issued a new initial decision sustaining the August 9, 2011 enforced leave action.  RF, Tab 28, Remand Initial Decision (RID).  The administrative judge first found that the agency had properly brought an indefinite suspension action with a determinable condition subsequent, i.e., the provision of medical documentation supporting the appellant's return to duty.  RID at 6.  He further found that the agency proved its charge that the appellant was physically unable to perform the duties of her position and that the charge had a self-evident nexus to the efficiency of the service.  RID at 6-7.  As to the reasonableness of the penalty, the administrative judge found that assigning the appellant work within her medical restrictions was not a reasonable alternative to the suspension, because no such work was available.  RID at 7-11.

¶10     In so finding, the administrative judge noted that the agency apparently had not complied with its self-imposed rules concerning the reassignment of employees with compensable injuries.  RID at 10-11.  Specifically, the agency had restricted its search to vacant, funded positions, whereas it was obliged under Employee and Labor Relations Manual (ELM), § 546.142 to search for available duties regardless of whether those duties comprised the essential functions of an established position.  RID at 9-10; *see* ELM               § 546.142,               *available               at* https://about.usps.com/manuals/elm/html/elmc5_034.htm  (last accessed Dec. 1, 2025) (providing that "[w]hen an employee has partially overcome a compensable disability, the Postal Service must make every effort toward assigning the employee to limited duty consistent with the employee's medically defined work limitation tolerance").  However, the administrative judge found that there was "no reason to conclude that a proper search would likely have uncovered available duties within the appellant's medical restrictions."  RID at 10-11.  In reaching that finding, the administrative judge specifically noted that, for a

portion of the relevant period, the agency was "acting under a OWCP ruling that the appellant's injury was non-compensable." RID at 9.

¶11 The administrative judge further found that the appellant failed to prove her disability discrimination claim because there was no evidence of a reasonable accommodation that would have allowed her to perform the essential functions of her Letter Carrier position or any other vacant, funded position within the agency. RID at 11. As to the appellant's procedural objections, the administrative judge found that the agency erred in not permitting the appellant's attorney to act as her representative in response to the enforced leave proposal, but that this error was neither harmful, nor in violation of her due process rights. RID at 12-14. In this regard, the administrative judge found that there was "no conceivable reply" the appellant's attorney could have made at that time that might have affected the availability of work within the appellant's restrictions or the agency's ultimate decision to return her to LWOP status. RID at 13-14. The administrative judge further found that the agency had not improperly withheld materials on which it relied in proposing or deciding upon the appellant's placement on enforced leave. RID at 14-15.

¶12 The administrative judge also observed that, in light of OWCP's reconsideration decision, the appellant might be able to establish jurisdiction over a claim that she was improperly denied restoration as a partially recovered employee under 5 C.F.R. § 353.301. RID at 15-16. He noted that the parties had not had an opportunity to develop the record under a restoration theory, but he advised the appellant that she was not precluded from filing a separate restoration appeal. RID at 17. The administrative judge also found that the case was distinguishable from *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473 (2010), in which the Board held that a constructive suspension claim brought by a partially recovered employee was subsumed in his restoration claim. RID at 16-18.

¶13 The appellant filed a petition for review, in which she contested the administrative judge's findings on the charge and the harmful error defense, and

contended that the agency should be sanctioned for failing to preserve documents concerning its accommodation efforts. *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 6-23. She further argued that the administrative judge erred in declining to rule on her claim that the agency denied her restoration rights as a partially recovered employee. *Id.* at 23-24. The agency filed a cross petition for review, contending that the administrative judge erred in finding that the appellant was entitled to be represented by an attorney prior to the Board proceedings. RPFR File, Tab 8 at 8-10. The appellant responded to the agency's cross petition. RPFR File, Tab 9.

¶14 In a February 27, 2023 Opinion and Order, the Board dismissed the appellant's chapter 75 appeal of the enforced leave suspension. *Jenkins*, 2023 MSPB 8, ¶¶ 11-15. In reaching this conclusion, the Board found that the appellant acquired restoration rights under 5 C.F.R. § 353.301(d) upon her partial recovery from her September 10, 2009 injury and that she therefore had restoration rights during the entire period of enforced leave. *Jenkins*, 2023 MSPB 8, ¶ 13. Relying on *Kinglee*, the Board further found that the appellant's exclusive avenue of remedy was a denial of restoration appeal under 5 C.F.R. § 353.304(c). *Jenkins*, 2023 MSPB 8, ¶ 13. Accordingly, the Board denied the appellant's petition for review and the agency's cross petition for review, vacated the August 5, 2014 Remand Order and May 31, 2016 remand initial decision, dismissed the chapter 75 appeal, and forwarded the matter to the Board's regional office to be docketed as a new restoration appeal under 5 C.F.R. § 353.304(c).[2] *Jenkins*, 2023 MSPB 8, ¶¶ 1, 15.

¶15 The appellant petitioned the Federal Circuit for review of the Board's February 27, 2023 decision. The Board subsequently filed an unopposed

---

[2] The restoration appeal has been dismissed without prejudice and refiled on several occasions pending the issuance of this Opinion and Order. The refiled appeal is currently pending before the Washington Regional Office. *See Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0353-23-0367-I-6, Appeal File, Tab 1.

motion for voluntary remand to assess whether the court's decision in *Archuleta v. Hopper*, 786 F.3d 1340 (Fed. Cir. 2015), warranted a different result. The court granted the Board's motion and remanded the case to the Board for further proceedings.

## ANALYSIS

**The appellant's placement on enforced leave is an adverse action within the Board's chapter 75 jurisdiction.**

¶16　In *Archuleta*, 786 F.3d at 1347-51, the Federal Circuit found that, when the Office of Personnel Management (OPM) directs the removal of a tenured Federal employee for suitability reasons, the employee has the right to appeal that removal under chapter 75. The court considered OPM's regulations purportedly excluding suitability actions from chapter 75 coverage and providing a limited regulatory right of appeal instead, but found that OPM's regulations did not deprive the Board of jurisdiction. The court reasoned that Congress could have, but did not, exclude suitability-based removals from chapter 75 coverage, and that OPM could not abrogate by regulation the appeal rights provided by statute. *Id.*

¶17　Congress has since added a new provision, codified at 5 U.S.C. § 7512(F), explicitly excluding suitability actions taken by OPM from coverage under chapter 75. *See* National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 1086(f)(9), 129 Stat. 726, 1010 (2015). Hence, insofar as the court held in *Archuleta* that OPM-directed suitability actions are appealable to the Board under chapter 75, that holding appears to have been abrogated by statute. However, insofar as the court held that exceptions to the definition of an appealable adverse action under 5 U.S.C. § 7512 are limited to those explicitly listed in the statute, we find that the rationale of *Archuleta* remains intact.

¶18　As relevant here, a suspension resulting from the denial of restoration to a partially recovered employee is not among the exceptions listed

under the definition of an adverse action under 5 U.S.C. § 7512. Accordingly, in light of *Archuleta*, we conclude that the appellant's suspension constitutes an appealable adverse action under chapter 75. To the extent the Board implied otherwise in *Kinglee*, the holding in that case was contrary to statute.

¶19 Furthermore, contrary to what the Board may have suggested in *Kinglee*, the appellant's rights and remedies under chapter 75 would not be subsumed in a restoration appeal. Title 5 C.F.R. § 353.304(c) provides that a partially recovered employee "may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." The Board has held that, for purposes of establishing jurisdiction under 5 C.F.R. § 353.304(c), a denial of restoration is "arbitrary and capricious" if, and only if, the agency failed to meet its obligations under 5 C.F.R. § 353.301(d). *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 14 (citing *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097 (Fed. Cir. 2011)). Under § 353.301(d), an agency must, at a minimum, make every effort to restore a partially recovered employee in the local commuting area, according to the circumstances in each case. 5 C.F.R. § 353.301(d).

¶20 However, as the Board clarified in *Cronin*, 2022 MSPB 13, ¶¶ 15-20, 5 C.F.R. § 353.301(d) does not itself require an agency to provide restoration rights beyond the minimum requirement of the regulation. Consequently, an agency's failure to comply with additional, self-imposed restoration obligations, such as those found at ELM, § 546.142, cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered "arbitrary and capricious" for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 20. By contrast, in the context of a chapter 75 appeal, an agency's failure to comply with the terms of its own internal rules, such as the ELM provisions at issue here, can serve as the basis for a harmful error claim under 5 U.S.C. § 7701(c)(2)(A), thereby providing a potential remedy not available in a restoration appeal under

5 C.F.R. § 353.304(c). *See Tom v. Department of the Interior*, 97 M.S.P.R. 395, ¶¶ 48-49 (considering an appellant's claim that an agency committed harmful error by not adhering to its own internal regulations).

¶21 Based on the foregoing, we conclude that the Board retains chapter 75 jurisdiction over this appeal. Accordingly, we overrule *Kinglee* and vacate our previous decision in *Jenkins*, 2023 MSPB 8.

At the time of the appellant's placement on enforced leave, she was entitled to restoration rights under the ELM, in addition to the restoration rights guaranteed by regulation.

¶22 The Board has held that when, as in this case, OWCP reverses a previous ruling that an employee's injury was not compensable, restoration rights are conferred retroactively. *See Welber v. U.S. Postal Service*, 62 M.S.P.R. 98, 103-04 (1994) (reopening a restoration appeal when the Board's decision in the agency's favor was predicated on OWCP's denying the appellant's claim for compensation, and OWCP subsequently reversed its earlier decision, thus entitling him to restoration rights during the period at issue). Hence, upon the appellant's partial recovery from her September 10, 2009 injury, she acquired restoration rights under 5 C.F.R. § 353.301(d). The appellant's partial recovery took place no later than June 21, 2011, when she submitted the CA-17 clearing her for sedentary duties.

¶23 Because the appellant had in fact partially recovered from a compensable injury prior to the issuance of OWCP's reconsideration decision, it appears that the agency was similarly bound, albeit unknowingly, by the limited duty provisions contained in ELM, § 546. In other words, the agency was obliged to search for available duties regardless of whether those duties comprised the essential functions of an established position. While the agency may have been unaware of its obligation prior to OWCP's September 19, 2011 reconsideration decision, it is undisputed that the agency did not conduct the required search at any time. At present, the record is not sufficiently developed to determine

whether a proper search for limited duty, conducted during the relevant time frame, would have been successful. Accordingly, we remand the case to the regional office for further adjudication on this issue.

<u>The law of the case doctrine precludes the appellant from relitigating her due process claim.</u>

¶24 The appellant observes that the Board's opinion in *Jenkins*, 2023 MSPB 8, did not reach the merits of her due process claim. However, the Board had already determined in its August 4, 2014 Remand Order that the appellant had not been denied due process and that her procedural objections to the enforced leave action should be adjudicated under a harmful error standard. *Jenkins*, MSPB Docket No. DC-0752-11-0867-I-2, Remand Order, ¶¶ 5-6.

¶25 Under the law of the case doctrine, a tribunal will not reconsider issues that have already been decided in an appeal, unless (1) there is new and material evidence adduced at a subsequent trial, (2) controlling authority has made a contrary decision of law, or (3) the prior decision was clearly erroneous and would work a manifest injustice. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 7 (2014). The purpose of the doctrine is to ensure consistency, thereby avoiding the expense and vexation of multiple lawsuits, conserving the Board's resources, and fostering reliance on the Board by avoiding inconsistent decisions. *Id.*; *Hoover v. Department of the Navy*, 57 M.S.P.R. 545, 552 (1993). We find that none of the three recognized exceptions to the law of the case doctrine is applicable, and we therefore give no further consideration to the appellant's due process claim.[3]

---

[3] We discern no error in the administrative judge's finding that the appellant did not show by preponderant evidence that the agency committed harmful error by withholding documents and refusing to recognize her attorney representative.

## ORDER

¶26    We remand the case to the Washington Regional Office for further adjudication consistent with this Opinion and Order.[4]


*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.

_____

[4] At the administrative judge's discretion, this case may be joined with the appellant's pending restoration appeal.